UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT SWIDAN ET AL.,

        Plaintiffs,

v.

UNITED STATES OF AMERICA ET AL.

        Defendants.
_____/

Case No. 13-11634

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [13]**

This case involves a law enforcement raid of Plaintiffs' rental residence for crimes to which Plaintiffs have no connection. Before the Court is the USA, FBI, and DOJ's Motion to Dismiss the Complaint [13], Plaintiffs' Response [16], and Defendants' Reply [18]. Named Defendants now move to be dismissed from the case entirely. Plaintiffs also complain against eight John Doe law enforcement officers who are not a part of this Motion to Dismiss [13]. On November 8, 2013, the Court heard argument on the motion. For the reasons that follow, in addition to the reasons stated on the record, Defendants' Motion to Dismiss [13] is **DENIED without prejudice**.

    **I. Federal Tort Claims Act (FTCA); Counts I, III–VII**

Defendants move, pursuant to FRCP 12(b)(1), arguing that this Court lacks jurisdiction under the doctrine of sovereign immunity to consider Plaintiffs' FTCA claims.

Defendant USA argues that it has not waived sovereign immunity and therefore this Court does not have jurisdiction to hear this case. Defendants also argue that they are immune under the discretionary function and/or intentional torts exceptions to the FTCA.

Claims against the United States under the FTCA lie only where the United States has consented to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides a waiver of sovereign immunity for claims against the United States based on negligent or wrongful acts and/or admissions of federal employees acting within the scope of their employment for claims alleging "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

### *Discretionary Function Exception*

The discretionary function exception to the FTCA protects the government from tort liability for claims arising from federal actors "exercise . . . [of] a discretionary function or duty. . . ." 28 U.S.C. § 2680(a). The two-step *Gaubert* test determines whether conduct counts as a discretionary function. *Kohl v. United States*, 699 F.3d 935, 940 (6th Cir. 2012) (citing *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991)). The first step asks "whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice." *Id.* (Internal citations omitted). "If there was a violation of mandatory regulation or policy, then

the discretionary-function exception will not apply, because 'there was no element of judgment or choice.'" *Id.*

The limited facts in evidence indicate that the discharge of firearms in this case may have been contrary to policy. The discharge of firearms underpins Plaintiffs' claims of assault and battery, false arrest and imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, and trespass. Because, *inter alia*, Defendants may not have had discretion to discharge their firearms, the Court cannot grant the Motion to Dismiss [13] on that basis.

Defendants attempt to analogize the case at bar to *Milligan v. United States*, 670 F.3d 686 (6th Cir. 2012). *Milligan* addressed the FTCA in the context of a person who was mistakenly arrested due to clerical error. In *Milligan*, unlike here, the Sixth Circuit found that officers did not violate any policy during their investigation. There was no deadly force used in *Milligan*. *Milligan* is not instructive for the discretionary-function analysis here.

### *Intentional Tort Exception*

In their Motion to Dismiss [13], Defendants argue that Plaintiffs have recast what are actually negligence claims as intentional torts to circumvent sovereign immunity.

Plaintiffs argue that officers intended to threaten to do bodily injury in circumstances that created a well-founded fear of imminent peril to Plaintiffs,

intended to touch Plaintiffs against their will, intended to detain Plaintiffs, and intended to restrain Plaintiffs' freedom of movement.

The intentional tort exception protects the government from intentional tort liability except where law enforcement or investigative officers engage in "assault, battery, false imprisonment, [or] false arrest . . . ." 28 U.S.C. § 2680(h). Given the limited facts in evidence, it is unknown whether Defendants were under reasonable fear so as to justify the use of deadly force. Therefore, it would be premature to dismiss Plaintiffs' claims for assault and battery in Count III. It is also unknown whether investigators had probable cause to search Plaintiffs' residence. Therefore, it would be premature to dismiss Plaintiffs' claims for false imprisonment in Count IV.

Intentional infliction of emotional distress is cognizable under the FTCA where a suit would lie against a private individual under the relevant state law. *See Singleton v. United States,* 277 F.3d 864, 872 (6th Cir. 2002) (reasoning that claims for intentional infliction of emotional distress are cognizable under the FTCA where Ohio law allowed for such suits against private individuals). Therefore, it would be premature to dismiss Plaintiffs' claims for intentional infliction of emotional distress in Count VI. Likewise, trespass is an intentional tort in Michigan. *Traver Lakes Comm. Maint. Ass'n v. Douglas Co.*, 224 Mich. App. 335, 344 (Mich. Ct. App. 1997). Although dismissal of Plaintiffs' trespass claim was discussed at the hearing, upon

further consideration, the Court has decided that it would be premature to dismiss Plaintiffs' trespass claim at this point. There is no authority that Plaintiff's trespass claim is categorically barred by the FTCA

### II. *Bivens* under 42 U.S.C. § 1983; Count II

Defendants move, pursuant to FRCP 12(b)(6), to dismiss Plaintiffs' *Bivens* claims under § 1983. To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide fair notice to the defendant of what the claim is and the grounds upon which it rests.

Plaintiffs allege *Bivens* claims only against the unnamed Defendant agents and officers.

Plaintiffs have stated facially valid claims under § 1983 for Fourth and Fifth Amendment violations. The task force involved in this raid was a joint effort between federal agencies and state law enforcement. At this point, Plaintiffs are still trying to identify the state officers involved in their claims. The § 1983 *Bivens* claim is irrelevant to the Defendants who bring this Motion [13].

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** that the Motion to Dismiss [13] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Government is to produce the warrant relevant to this case *in camera, ex parte* by **November 25, 2013**.

**SO ORDERED**.

Dated: November 18, 2013

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge